# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4047-17T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

T.S.S.,

     Defendant-Appellant/
     Cross-Respondent,

and

R.E.,[1]

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF H.A.E.
and T.S.E., Minors,

     Cross-Appellants.

_____

_____

[1] The father R.E. defaulted and does not appeal.

Argued March 20, 2019 – Decided April 8, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FG-08-0044-17.

Adrienne M. Kalosieh, Assistant Deputy Public Defender, argued the cause for appellant/cross-respondent (Joseph E. Krakora, Public Defender, attorney; Adrienne M. Kalosieh, of counsel and on the briefs).

Erica L. Sharp, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Erica L. Sharp, on the brief).

David B. Valentin, Assistant Deputy Public Defender, argued the cause for minor cross-appellants (Joseph E. Krakora, Public Defender, Law Guardian, attorney; David B. Valentin, on the brief).

PER CURIAM

Defendant T.S.S. (Tina)[2] appeals from the April 25, 2018 decision terminating her parental rights to her minor children H.A.E. (Henry), born in 2005, and T.S.E. (Tiffany), born in 2011. The Law Guardian joins in the appeal

---

[2] We use initials and pseudonyms to identify the parties to preserve the confidentiality of these proceedings. R. 1:38-3(d)(12).

A-4047-17T2

on behalf of the two special needs children. We affirm, substantially for the reasons stated by the trial court in its April 25, 2018 oral opinion.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. The Division of Child Protection and Permanency (Division) became involved with the family in February 2015, when the police were called to the home after Henry, then nearly ten years old, stabbed his fifteen-year-old brother in the leg with a steak knife. Tina was intoxicated at the time, in the bedroom with Tiffany, then three years old. Tina admitted she had been drinking all day and was slurring her words. The three children were removed in May 2015.[3] Henry and Tiffany were placed in separate homes due to their different needs. The Division provided numerous substance abuse programs for Tina, who was unable to successfully complete any rehabilitative program. She continued to test positive for illegal or un-prescribed substances, but her primary problem was with alcohol. She attended no more than half of the scheduled visits with her children, and many times did not behave in an appropriate fashion during the visits she did attend.

---

[3] This older child turned eighteen and is therefore not a part of this litigation. He has, however, continued to visit his younger siblings. The three children appear to have a strong connection to each other, and the trial court ordered continued sibling visits after the termination decision.

3

A Division expert opined that, although the children are bonded to their mother, the bond is not secure and the termination of parental rights would not do more harm than good. Henry also has a secondary, but healthy, bond with his resource parents, who wish to adopt him. Tiffany is not in a pre-adoptive home, but the Division is optimistic a home can be found for her. Neither Tina nor the Law Guardian presented conflicting expert testimony.

In 2018, after the two children were in placement for almost three years and Tina had two more children who were removed as infants,[4] the court terminated her parental rights to Henry and Tiffany. In its comprehensive opinion, the trial court found that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a).

On this appeal, our review of the trial court's decision is limited. We defer to its expertise as a Family Part court, Cesare v. Cesare, 154 N.J. 394, 411-12 (1998), and we are bound by its factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). After reviewing the record, we conclude that the trial

---

[4] We were informed at oral argument that Tina's parental rights to these two infants have been terminated by the court.

A-4047-17T2

court's factual findings are fully supported by the record and, in light of those facts, its legal conclusions are unassailable.

Defendant and the Law Guardian argue that the court committed various evidentiary errors, the Division expert was not credible, and the children do not wish to be adopted. Those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Our Supreme Court has stated that "children may want to return to their abusive or neglectful natural parents, who have endangered and continue to endanger their lives." N.J. Div. of Youth and Family Services v. E.P., 196 N.J. 88,113 (2008). Henry has made conflicting statements about whether he wishes to return to his mother. Tiffany, who also had a bond with her mother, is not yet living with pre-adoptive parents, and cannot be expected to be enthusiastic about adoption. The trial court reviewed the evidence thoughtfully and considered the best interests of the children in making its considered decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4047-17T2